

J B
ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 1 3 2009

CLERK, U.S. DISTRICT COURT

By _____
Deputy

MARY LISA MOORE §
§
Plaintiff, §
§
v. § CIVIL NO. 3-09CV1927-B
§
§
1105 MEDIA, INC §
§
Defendant. §

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

NOW COMES, Mary Lisa Moore, Plaintiff in the above entitled and numbered cause, and files this Plaintiff's Original Complaint and Demand for Jury Trial, complaining of 1105 Media, Inc. and in support thereof respectfully shows the Court the following:

**I.**

**PARTIES**

1.      Plaintiff, Mary Lisa Moore, is an individual who is a citizen of the State of Texas and resides in Collin County, Texas.

2.      Defendant, 1105 Media, Inc. ("1105 Media"), is a foreign corporation doing business in Texas and is not registered with the State of Texas Secretary of State to do business in Texas. Service of process may be obtained upon Defendant by delivery of the citation and service of process upon any officer at its home office at 9121 Oakdale Ave., Suite 101 Chatsworth, CA 91311 or upon the Secretary of State for the State of Texas. Service of process upon the Secretary of State is proper because Defendant is a foreign corporation doing business in Texas that has not designated,

appointed, or maintained a registered agent or resident agent for service of process. In addition,

Defendant has not obtained or maintained a certificate of authority to do business in the State of

Texas. This lawsuit arises out of business done in this state and to which Defendant is a party.

Plaintiff hereby provides a duplicate copy of process for Defendant and advises the Secretary of State

that the citation and petition should be forwarded via Certified Mail, Return Receipt Requested to

Defendant at its home office at 9121 Oakdale Ave., Suite 101Chatsworth, CA 91311.

## II.

## JURISDICTION

3.      The Court has Federal jurisdiction pursuant to 28 U.S.C. §1332 and 1343 because the

claims arise under the Americans With Disabilities Act of 1990 ("ADA"), as amended (42 U.S.C.

12101 *et seq.*).

## III.

## VENUE

4.      Venue of this cause is proper in this district pursuant to 28 U.S.C. §1391 in that a

substantial part of the events or omissions giving rise to the claims herein occurred in this judicial

district.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff timely filed and initiated her charge of discrimination with the EEOC on July

1, 2009. On July 16, 2009 the EEOC issued and mailed its Dismissal and Notice of Rights (Right to

Sue). Attached hereto as Exhibit "A" is a true and correct copy of the Right to Sue.

6.      Plaintiff invokes the continuing discrimination theory and the relation back theory to

her Charge of discrimination and claims herein.

## V.

## FACTUAL BACKGROUND

7.      Mary Lisa Moore began her employment with Stevens Publishing as an Account Receivables Manager on May 20, 2002 in Dallas, Texas.  Moore was an excellent employee.  As an Account Receivables Manager she was responsible for the Company's collections, payment postings and customer maintenance.  Moore did her job well and always received positive reviews.

8.      In April 2006, Stevens Publishing was sold to 1105 Media.  Although 1105 Media was based out of California, it kept and maintained the offices in Dallas, Texas it acquired when it purchased Stevens Publishing.

9.      After the acquisition, Moore became an employee of 1105 Media and kept the same position as Account Receivables Manager in the Dallas office.  She was assigned all of the accounts of the customers for Stephens Publishing, so her duties remained the same, except after the acquisition, collections and payments were made to the California headquarters of 1105 Media.

10.      Moore continued to be a good employee and quickly learned the new DATATRAX system and new policies of 1105 Media.  Moore received positive reviews and was able to maintain an over 90 of 10%, or less on collections on her accounts.  Donna Lane, her Supervisor, often praised her on performance and did not have any concerns.

11.      Moore was able to do each and every aspect of her job from Dallas without issue or problems.  Even Richard Vitale, CFO, acknowledged her performance by telling her he was impressed with "her numbers."

12.      Moore was extremely hard working and was always willing to go above and beyond what was required of her.  For example, in January 2008, Moore was instrumental in the physical

move to the new location in Dallas, Texas. Moore volunteered to assist and coordinate the packing and moving of the offices.

13.     Shortly after the move, Moore was diagnosed with Stage IV Non-Hodgkin's Lymphoma (Cancer) in March 2008. From April 2008 to September 2008 Moore underwent chemotherapy. Fortunately, during Moore's many months of chemotherapy, she only missed two to three days of work a month. During this time, Moore was able to maintain her accounts and perform all of her duties.

14.     In September 2008, Moore was admitted into the hospital for a bone marrow transplant. Moore was on disability leave from the time of her surgery until her doctor released her back to work on April 1, 2009. Because of her medical condition and the treatment she received, Moore's health and well being were severely affected. In particular, her immune system was permanently compromised. In addition to other things, Moore also has less energy, difficulty sleeping and is extremely susceptible to airborne illnesses.

15.     During Moore's absence, 1105 Media hired a temporary employee to fill in for Moore while she was out on leave. Moore was told her job would be waiting for her and the temporary employee would only be hired to fill in for her during her absence.

16.     Moore was released by her doctor to return to work on April 1, 2009. When Moore returned to work on April 1, 2009, 1105 Media was well aware of her medical conditions and limitations. Despite her medical conditions and limitations, Moore had a doctor's release and was able to do all the major job functions required by her position.

17.     On April 1, 2009, Moore returned to her position as an Account Receivables Manager in the Dallas office of 1105 Media and began to work on her accounts with the same success as before her illness, surgery and leave.

18.     Shortly after Moore returned, she learned that the temporary employee hired to do her job while she was gone continued to work in the California accounting department.

19.     1105 Media had a number of layoffs beginning in January 2009 to May 2009. Those individuals' job duties were eliminated or absorbed by others. Moore was not part of those layoffs. Moore had plenty of work to do because in her position with 1105 Media she was responsible for collection on defaulted and overdue accounts. After May 2009, 1105 Media announced no more layoffs and continued to maintain the Dallas office.

20.     On Thursday, May 14, 2009, Moore was contacted via telephone by Chris Coates. Coates gave Moore an ultimatum regarding her employment. Coates began by stating and making it clear that there was no issue, either currently or in the past, with Moore's performance. Although on the surface Coates relayed to Moore that she had a choice in the matter, it was apparent by the ultimatum and the options given to Moore that she **really** did NOT have a choice and 1105 Media no longer wished to employ her.

21.     Coates told Moore that 1105 Media was reorganizing and wanted to have all the accounting positions under one roof in California. Coates' explanation was that "it would be more convenient for management" to do this. Coates told Moore she still had a job but that as of June 1, 2009 the job was now located in California and she would be required to move to California and start by June 1, 2009.

22.     Moore was not offered a moving package, cost of living adjustment, or any assistance to help her relocate and start by June 1, 2009, which at the time was less than two weeks away. Other than "convenience", Moore was given no other explanation for the decision to move the position or the June 1, 2009 start date.

23.     Moore told Coates that moving to California within two weeks (by June 1, 2009)

would be impossible for her because of, among other things, her medical condition, health limitations and treatment.

24.    Coates responded "I thought that's what you would say." He then stated "you have a lot to think about", "take a week to think it over and I will get back to you by May 22, 2009."

25.    On May 21, 2009 Moore requested a reasonable accommodation. Specifically, Moore asked 1105 Media to allow her to continue doing her job from Dallas as a reasonable accommodation to her medical condition.

26.    The accommodation requested would not cost 1105 Media any additional expense or require any additional paperwork. Moore would simply continue to do what she had been doing for the past two years.

27.    1105 Media refused to accommodate Moore and instead terminated her employment on May 29, 2009. On May 29, 2009, Moore was informed, for the first time, that she was being terminated because her position was eliminated.

28.    After Moore's termination, she had the opportunity to talk with her direct supervisor in California, Donna Lane. Ms. Lane informed Moore that she had no idea Moore was being terminated. Lane also said she was not told or consulted with respect to the decision to terminate Moore. Additionally, Lane reinforced that there were no issues with Moore doing her job from Dallas.

29.    Moore has exhausted all necessary administrative remedies prior to instituting this litigation against Defendant.

## VI.

## CLAIMS

### A. Disability Discrimination

**30.**     Moore incorporates by reference all of the allegations set forth in paragraphs 1 through 29 above.

**31.**     Moore will show that 1105's aforementioned conduct violates Texas Labor Code Section 21.001, *et* seq. and the Americans With Disabilities Act of 1990 as amended.  1105 discharged Moore as a result of her disability or record of said disability or alternatively because it regarded her as disabled.

**32.**     Prior to Moore's illness, she had been doing her job as a collection specialist without issue or even supervision out of the Dallas office for years.  There has never been an issue of the location of where Moore performed her duties – until she was diagnosed with Stage IV Non-Hodgkin's Lymphoma cancer, was out on disability leave and returned to work.  In fact, many employees of 1105 Media office from their individual homes without issue or consequence.  Therefore, Coates' explanation that the company wanted to have accounting "under one roof" in California and moving the position would be "convenient for management" is a made up excuse and a pretext for discrimination because of Moore's medical condition.

**33.**     Coates' ultimatum regarding Moore's continued employment, and requiring a move by June 2009 with her medical condition, was a clear attempt of making the offer not only unattractive but impossible for Moore to take.

**34.**     1105 Media fired Moore and otherwise discriminated against her because of an actual or perceived disability in violation of the ADA and/or the TCHRA.

## B. Failure to Accommodate

**35.**    Moore incorporates by reference all of the allegations set forth in paragraphs 1 through 34 above.

**36.**    On May 21, 2009 Moore made a request to 1105Media to allow her continue to work in her position from the Dallas office as a reasonable accommodation in light of her medical condition and her limitations.

**37.**    Given that Moore had done the job from Dallas for many years, this was not an unreasonable request. Additionally, the accommodation would not ultimately cost 1105 Media any additional expense.

**38.**    1105 Media not only refused to give her a reasonable accommodation but terminated her employment in response to her request. 1105 Media's failure to provide Moore with a reasonable accommodation is a violation of the ADA and/or the TCHRA.

## C. Pattern and Practice

**39.**    Moore incorporates by reference all of the allegations set forth in paragraphs 1 through 38 above.

**40.**    1105 Media has a pattern and practice of terminating employees who have been diagnosed with cancer and return to work.

**41.**    1105 Media's pattern and practice is a violation of the ADA and/or the TCHRA.

## D. Retaliation

**42.**    Moore incorporates by reference all of the allegations set forth in paragraphs 1 through 41 above.

**43.**    Moore will show that 1105's conduct establishes that 1105 retaliated against Moore for engaging in conduct protected by law in violation of Texas Labor Code Section 21.055 and the

ADA.

**44.**    On May 14, 2009 Moore complained she was being discriminated based on her disability and asked for a reasonable accommodation. After her complaint and request, 1105 Media terminated her employment. Additionally, 1105 Media withdrew its California offer and informed Moore her job had been eliminated.

**45.**    As a direct and proximate result, Moore has suffered damages within the jurisdictional limits of the Court.

**46.**    1105 Media fired Moore and otherwise retaliated against her because of an actual or perceived disability in violation of the ADA and/or the TCHRA.

### E.  Damages

**47.**    Moore incorporates by reference all of the allegations set forth in paragraphs 1 through 46 above.

**48.**    As a direct and proximate result of 1105's conduct as set forth herein, Moore has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court. Moore will show that 1105 Media's conduct as alleged herein was intentional and 1105 Media acted with reckless indifference to Moore's state and federal protected rights entitling Moore to compensatory and punitive damages.

### F.  Attorneys' Fees and Costs

**49.**    Moore incorporates by reference all of the allegations set forth in paragraphs 1 through 48 above.

**50.**    Moore seeks recovery of her reasonable and necessary attorneys' fees and all costs of court incurred herein in the amount of no less than $100,000 through the trial of this cause, an

additional $30,000 in the event of an appeal to Court of Appeals, an additional $15,000 in the event a

Petition for Review is filed in the Supreme Court, and an additional $7,000 in the event the Petition

for Review is granted, with all attorneys' fees on appeal being conditioned upon the appeal of

Defendant, if any, being unsuccessful.

### D.  Conditions Precedent

**51.**    Moore incorporates by reference all of the allegations set forth in paragraphs 1

through 50 above.

**52.**    Moore would show that all conditions precedent to her lawful recovery herein

have been performed or occurred.

### E.  Jury Demand

**53.**    Moore requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Moore respectfully prays that 1105 be cited

to appear and answer herein and that upon final hearing, Moore have and recover from 1105 as

follows:

> (i)     Reinstatement;
>
> (ii)    Front pay and back pay, including benefits, within the jurisdictional limits of the Court;
>
> (iii)   Compensatory damages (mental anguish and loss of enjoyment of life);
>
> (iv)    Punitive damages if 1105 Media's conduct is found to be made with malice or reckless indifference;
>
> (v)      Pre-judgment and post-judgment interest at the highest rates allowed by law;
>
> (vi)    All reasonable and necessary attorneys' fees incurred as specified herein;
>
> (vii)   All costs of court; and

(viii)   Such other and further relief, at law or in equity, to which Moore would show
she is justly entitled.

Respectfully submitted,

By:_____

NELLIE G. HOOPER
State Bar No. 00798211
BARBARA T. HALE
State Bar No. 24012762
BLANSCET SUTHERLAND
 HOOPER & HALE, L.L.P.
14285 Midway Road, Suite 400
Addison, Texas 75001
(214) 764-7977 – Telephone
(214) 764-7981 - Telecopy

ATTORNEYS FOR PLAINTIFF
MARY LISA MOORE

EEOC Form 161 (2/08)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Mary L. Moore**
**32 Crockett Ct.**
**Allen, TX 75002**

From:  **Dallas District Office**
**207 S. Houston St.**
**3rd Floor**
**Dallas, TX 75202**

| [ ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2009-04088 | **Armando Matamoros,**<br>**Investigator** | (214) 253-2814 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (*briefly state*)

### - NOTICE OF SUIT RIGHTS -

(*See the additional information attached to this form.*)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____                    July 16, 2009
**Michael C. Fetzer,**                                (*Date Mailed*)
**Director**

Enclosures(s)

cc:   **Mike Valenti, Human Resources Manager**            Nellie G. Hooper, Esq.
**1105 MEDIA**                                      BLANSCET SUTHERLAND HOOPER & HALE, L.L.P.
**9121 Oakdale Ave.**                               Attorneys & Counselors at Law
**Suite # 101**                                     14285 Midway Road, Suite # 400
**Chatsworth, CA 91311**                            Addison, Texas 75001

## EXHIBIT A

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Mary Lisa Moore

**DEFENDANTS**
1105 Media, Inc.

**(b)** County of Residence of First Listed Plaintiff    Collin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED BY _____
OCT 13 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nellie G. Hooper, Blanscet Sutherland Hooper & Hale, LLP
14285 Midway Road, Ste 400, Addison, TX 75001  214-764-7977

Attorneys (If Known)

3-09CV1927-B

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Texas Labor Code Sections 21.001 et seq. and 21.055; and ADA
Brief description of cause:
Disability Discrimination; Failure to Accomodate; Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
10/13/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____